UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REINIER RODRIGUEZ FORTINES,

    Petitioner,

v.                                                    Case No.: 3:26-cv-379-MMH-SJH

WARDEN, NORTH FLORIDA
DETENTION CENTER and
U.S. ATTORNEY GENERAL,

    Respondents.

_____/

## **ORDER**

Petitioner Reinier Rodriguez Fortines initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition). According to Fortines, an immigration judge ordered him removed on January 14, 2020. Id. at 4. Fortines asserts that United States Immigration and Customs Enforcement (ICE) detained him on November 18, 2025. Id. Fortines contends that his continued detention is unlawful because ICE has detained him beyond the presumptively reasonable removal period and ICE is not likely to remove him the foreseeable future. Id. at 6. He requests the Court order his immediate release. Id. at 7.

In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once

an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (citing Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

Because ICE took Fortines into custody less than 180 days before he filed this case, his claim under Zadvydas is not yet ripe. Thus, his claim is due to be dismissed. When Fortines's Zadvydas claim becomes ripe, he may file a new petition to seek discharge from custody while he awaits removal. Should he wish to file a new petition, Fortines must pay a filing fee of $5.00 or file a complete motion to proceed in forma pauperis. Additionally, Fortines must use

the form approved for use in the Middle District of Florida. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]").

Accordingly, it is **ORDERED**:

1.      Fortines's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.      The **Clerk** shall send Fortines a habeas corpus petition under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (prisoner filings).

**DONE AND ORDERED** in Jacksonville, Florida, on this 7th day of April, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 4/7
c:
Reiner Rodriguez Fortines, #A206893313

3